Shane Singh, Bar No. 202733
ssingh@kringandchung.com
KRING & CHUNG, LLP
2620 J Street, # 1
Sacramento, CA 95816-4381
Telephone: (916) 266-9000
Facsimile: (916) 266-9001

Attorneys for Defendant
Lakeland Village Owner's Association

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>Lakeland Village Owners Association,<br><br>　　　　Defendants. | Case No. 2:10-cv-02074-MCE-KJN (TEMP)<br><br>**CONSENT DECREE** |

## I.   INTRODUCTION

Plaintiff Scott N. Johnson filed this action for injunctive relief and damages in the United States District Court for the Eastern District of California against defendant Lakeland Village Owner's Association (hereinafter "Lakeland Village").

The complaint alleged that Lakeland Village failed to conform its property listed below to the accessibility requirements of both California and federal law including, but not limited to, the Americans with Disabilities Act (hereinafter "ADA") and the California Civil Code:

　　　3535 Lake Tahoe Blvd.　　South Lake Tahoe, California ("subject property").

The complaint sought injunctive relief, declaratory relief and monetary relief.

The parties have negotiated in good faith and have agreed to resolve this lawsuit. As part of the settlement, Plaintiff agrees to dismiss the subject action with prejudice.



1 | The Plaintiff and Lakeland Village now seek to fully and finally conclude all claims arising out of the above action without the expenditure of further resources and expenses of contested litigation.  Further, they desire that the Court retain jurisdiction over the parties and the subject property, so that Lakeland Village may evaluate its public accommodation and make any modifications and corrections required in order for it to comply with the accessibility requirements of the ADA, the California Civil Code, the California Health and Safety Code, and the California Business and Professions Code ("Related State Laws"), and Title 24 of the California Code of Regulations ("Title 24").  Accordingly, the parties enter into this Consent Decree to further the objective of compliance with the legal requirements for providing access for disabled individuals at the subject property.

Other lawsuits involving the subject property may be filed and the defense costs and potentially conflicting compliance orders relating to these lawsuits compromise Lakeland Village's ability to complete the necessary modifications and corrections to make the property compliant with the ADA, Related State Laws, and Title 24.  Future ADA lawsuits will increase unnecessarily the burden on the federal and state judiciary by creating a multiplicity of lawsuits seeking identical remedial work Lakeland Village has already commenced and is specifically addressed herein. Further, multiple actions involving the property's compliance with the ADA, related State Laws and Title 24 pose a serious risk of conflicting decisions.  It is therefore in the best interests of judicial economy and comity among the various federal and state courts that one court exercise exclusive jurisdiction over Lakeland Village and the subject property with respect to compliance with applicable accessibility requirements.

/ / /

/ / /

/ / /

/ / /



2

C:\iFolder\mengland\Home\TO DOCKET CIVIL\10cv2074.o.0110.doc

## II. NON-ADMISSION OF LIABILITY

This Consent Decree does not, and shall not be deemed to constitute an admission by Lakeland Village of any violation of any federal or State statute or regulation or a finding of any fact, or an adjudication of any issue in the Plaintiff's lawsuit, or in any other lawsuit.

## III. ORDER

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the records herein, and the applicable law, and now approves the Consent Decree in its entirety.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## IV. GENERAL PROVISIONS

**A.  Jurisdiction:**

This Court has jurisdiction over the subject matter and the parties to this action, and will retain jurisdiction as provided in Section VI below.

**B.  Scope:**

This Consent Decree shall bind Lakeland Village, with respect to the subject property.

**C.  Definitions:**

1. For purposes of this Consent Decree, "action" means and refers to the action identified in the Introduction section above.
2. For purposes of this Consent Decree, "readily achievable" has the meaning given to it in Title III of the Americans with Disabilities Act and its implementing regulations.

/ / /

/ / /

/ / /

/ / /



3

C:\iFolder\mengland\Home\TO DOCKET CIVIL\10cv2074.o.0110.doc

## V.    INJUNCTIVE RELIEF

**A.    Time Frame for Compliance**

No later than August 31, 2012, Lakeland Village will cause the modifications listed below to be constructed and maintained. The Parties have investigated disability access compliance in its entirety at the subject property and hereby stipulate and agree that the subject injunctive relief will bring this location into compliance with applicable disability access regulations under the ADA's "Readily Achievable" barrier removal standard. The Readily Achievable standard is hereby invoked since portions of the subject property were initially constructed in the 1970's.

**B.    Areas to be Improved**

<u>Entry Driveways</u>

1. Provide "tow away" signs with proper language per California law.

<u>Lobby/Reception Area</u>

1. Provide directional signage to the newly constructed disabled parking.
2. Provide at least two disabled access parking slots just outside the south west entry to the parking garage, along with a 36 inch marked path of travel to the existing elevators. One of the two new disabled parking slots will be "Van Accessible" under access regulations.
3. Install "panel" door handles and "ISA" sign at the front door of the lobby.
4. Provide directional signage to the lowered front counter area.
5. Remove obstacles including the existing automated teller machine (ATM) from the counter area. Lakeland Village retains the ability to install an ATM machine in the future that complies with disabled access requirements.
6. Lower the existing pay phone to a height complaint with access regulations.



1    7.  Remove or lower to a compliant height the existing "house" phone.
2    8.  Provide a "Dixie" cup dispenser adjacent to the water fountain.
3    9.  Install a sign at the stairs leading down to the pool that states: "Disabled access is available via the South side of the complex, please request assistance".
6    10. Restrooms
7        A.  Provide signage to the disabled restrooms
8        B.  Men's Disabled Restroom
9            1.  Install a disabled access sign on the wall next to the door.
10           2.  Install a full length mirror on the inside of the door.
11       C.  Women's Restroom
12           1.  Install a disabled access sign on the wall next to the door.
13           2.  Install a full length mirror on the inside of the door.
14           3.  Lower soap dispenser.
15           4.  Insulate drain pipes.
16   <u>Lake Shore Room and Pool</u>
17   1.  Install an "ISA" sign at the entrance.
18   2.  Switch the door locks and handles to the pool to meet disabled reach requirements.
20   3.  Install a disabled access sign on the wall next to the door to both of the restrooms.

22   **C.  Entirety of Access Improvements**

Except for the items delineated above, Lakeland Village shall have no further responsibility or liability with respect to the subject facility regarding disability access requirements.

26  / / /
27  / / /
28  / / /



C:\iFolder\mengland\Home\TO DOCKET CIVIL\10cv2074.o.0110.doc

**D.   Dispute Resolution:**

1. In the event that a dispute arises concerning this Consent Decree and/or the parties' compliance therewith, all disputes shall be resolved first by a meet and confer initiated in writing between counsel for the parties.  If no resolution is reached within sixty (60) days of service of the writing initiating the meet and confer, then the Court shall exercise jurisdiction for the sole purpose of resolving the dispute.  Initially, the Court shall refer the dispute to a Magistrate Judge for the purposes of conducting a settlement conference.  If the settlement conference does not resolve the matter, the Court shall conduct an evidentiary hearing to determine if a violation of this Consent Decree has occurred.

2. The prevailing party at the evidentiary hearing shall be awarded reasonable attorneys' fees and costs expended to resolve the dispute.  In the event an agreement is reached between the parties within sixty (60) days, or as a result of the settlement conference, neither party shall be entitled to an award of attorneys' fees and costs.

**E.   Compliance with Applicable Law**

Nothing in this Consent Decree is intended to require Lakeland Village to undertake obligations not required by Title III of the ADA, its implementing regulations and applicable Title 24 provisions.  For purposes of this Consent Decree, to the extent there are any amendments to, or subsequent judicial decisions modifying the interpretation of such statutory provisions, Lakeland Village is only obligated to comply with standards in effect prior to December 31, 2010.

/ / /

/ / /

/ / /

/ / /

/ / /



C:\iFolder\mengland\Home\TO DOCKET CIVIL\10cv2074.o.0110.doc

## VI.   RETENTION OF JURISDICTION

The Court shall retain jurisdiction over this action for the purpose of enforcing the provision of this Consent Decree up to and including December 31, 2016.  Unless the Court so orders, this Consent Decree will dissolve automatically and without the need for any affirmative act at the close of this Court's business day on December 31, 2016.  The Court shall also retain jurisdiction regarding any future claims related to disability access at the subject property in accordance with this Consent Decree.

Entry of the foregoing Consent Decree is hereby consented to by the parties.

Dated:  July 26, 2011

By: /s/ Scott N. Johnson (*on file with counsel*)
Scott N. Johnson, Esq.
Attorney for Plaintiff, Scott N. Johnson

Dated:  July 26, 2011   KRING & CHUNG, LLP

By: /s/ Shane Singh, Esq.
Shane Singh, Esq.
Attorneys for Defendant
LAKELAND VILLAGE OWNER'S ASSOCIATION

**IT IS SO ORDERED, and the Clerk of the Court is directed to administratively close this case.**

Dated: January 10, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE



7

C:\iFolder\mengland\Home\TO DOCKET CIVIL\10cv2074.o.0110.doc